

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-27-2009

# USA v. Charleswell

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1169

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Charleswell" (2009). *2009 Decisions*. Paper 1983.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1983

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1169
_____

UNITED STATES OF AMERICA

v.

RIEL CHARLESWELL,
                                        Appellant

_____

On Appeal from the District Court of the Virgin Islands
Division of St. Thomas
(D.C. No. 02-cr-00158)
District Judges:  Honorable James T. Giles

_____

Submitted Under Third Circuit LAR 34.1(a)
December 8, 2008

Before:  FISHER, JORDAN and STAPLETON, *Circuit Judges*.

(Filed: January 27, 2009 )
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

In 2004, Riel Charleswell was convicted for illegal reentry into the United States

in violation of 8 U.S.C. § 1326(a) and (b)(2).  In a prior appeal to this Court, he attempted

to collaterally attack his deportation order and a subsequent reinstatement of deportation

order. In 2006, we vacated his conviction and remanded the case to the District Court for further consideration. On remand, the District Court found that he failed to demonstrate prejudice with respect to his reinstatement order, and therefore he could not meet the final requirement for collaterally attacking that order. Consequently, the District Court reinstated Charleswell's illegal reentry conviction. Charleswell appeals the District Court's decision and continues to argue that his conviction should be vacated because it was based on fundamentally unfair and prejudicial underlying proceedings. For the reasons set forth below, we will affirm.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.[1]

In 1987, Charleswell was convicted in Maryland for possession of marijuana with intent to distribute, and based on this conviction, in 1991, the Immigration and Naturalization Service (INS) initiated deportation proceedings against him ("1991 Deportation"). Although Charleswell was born in the British Virgin Islands, at the time of the deportation proceeding he was a permanent resident of the United States, having obtained that status at the age of three. At the deportation hearing, the Immigration Judge

---

[1]The facts are provided in more detail in our first opinion in this case. *See United States v. Charleswell*, 456 F.3d 347 (3d Cir. 2006).

(IJ) denied Charleswell's request for discretionary relief based upon the IJ's troubling misconception that St. Thomas was not a territory of the United States. However, Charleswell did not appeal this order and was subsequently deported to the British Virgin Islands.

In 1997, authorities found Charleswell in Maryland and arrested and charged him with illegal reentry into the United States in violation of 8 U.S.C. § 1326. Charleswell moved to dismiss the indictment, arguing that the 1991 Deportation proceeding was fundamentally unfair. The district court dismissed this motion, and, following a conditional guilty plea, sentenced Charleswell to 49 months of imprisonment. The United States Court of Appeals for the Fourth Circuit affirmed the district court's judgment, *see United States v. Charleswell*, 173 F.3d 425 (4th Cir. 1999), and the INS issued a Notice of Intent to Reinstate Charleswell's 1991 Deportation. Pursuant to the notice, the INS proceeded to deport Charleswell ("2001 Reinstatement").

In 2002, authorities found Charleswell in St. Thomas and charged him with illegal reentry into the United States in violation of 8 U.S.C. § 1326(a) and (b)(2). Charleswell moved to have the indictment dismissed on the grounds that the 1991 Deportation and the 2001 Reinstatement were fundamentally unfair. The District Court denied the motion, the matter proceeded to trial, and on January 26, 2004, the jury returned a guilty verdict. Charleswell appealed his 2004 conviction to our Court, seeking to collaterally attack the 1991 Deportation and the 2001 Reinstatement. *See United States v. Charleswell*, 456

3

F.3d 347 (3d Cir. 2006). With respect to the 1991 Deportation, we held that Charleswell was "unable to demonstrate he was effectively denied the right to obtain judicial review" from this order, and therefore failed to satisfy the requirements for collaterally attacking such an order. *Id.* at 353. With respect to the 2001 Reinstatement, we held that Charleswell was denied the opportunity for judicial review of this order. We concluded that "the INS's failure to inform Charleswell of his statutorily prescribed right to seek an appeal of his reinstatement order, combined with the misleading language contained in the reinstatement Notice of Intent form, is a fundamental defect of the nature that, if prejudicial, renders the proceeding fundamentally unfair." *Id.* at 360. Accordingly, we vacated his conviction and remanded to the District Court to determine if Charleswell was prejudiced by this order. *Id.* at 354. On remand, the District Court determined that Charleswell failed to demonstrate that he was prejudiced by the 2001 Reinstatement and therefore reentered his 2004 conviction. This decision is currently before us on appeal.

II.

The District Court had jurisdiction over this case pursuant to 18 U.S.C. § 3231, and we have jurisdiction to review the District Court's final order pursuant to 28 U.S.C. § 1291. "We review the District Court's determination precluding Charleswell from collaterally attacking his deportation *de novo*. We also review the District Court's factual findings for clear error and we have plenary review over its decisions of law." *Charleswell*, 456 F.3d at 351 (internal citations omitted).

III.

On appeal, Charleswell continues to argue that he was improperly denied judicial review of both the 1991 Deportation and the 2001 Reinstatement and that these deprivations resulted in prejudice, thereby satisfying the requirements for collateral attack and justifying the reversal of his 2004 conviction. In order to mount a successful collateral attack of a deportation or reinstatement order, an alien must establish three things: (1) the exhaustion of any administrative remedies that may have been available; (2) the improper deprivation of the opportunity to obtain judicial review from the deportation proceeding; and (3) the fundamental unfairness of the entry of the order. *See* 8 U.S.C. § 1326(d); *United States v. Mendoza-Lopez*, 481 U.S. 828, 834-37 (1987); *United States v. Torres*, 383 F.3d 92, 98-99 (3d Cir. 2004). To demonstrate that a proceeding is fundamentally unfair "the alien must establish both that some fundamental error occurred and that as a result of that fundamental error he suffered prejudice." *Charleswell*, 456 F.3d at 358. Moreover, "prejudice requires a reasonable likelihood that the result would have been different if the error in the deportation proceeding had not occurred." *Id.* at 362.

Turning first to the 1991 Deportation, Charleswell contends that the District Court erred in holding that this Court foreclosed consideration of his challenge to that order. Contrary to Charleswell's assertion, our earlier opinion clearly stated: "[B]ecause Charleswell is unable to demonstrate he was effectively denied the right to obtain judicial

5

review from [the] 1991 Deportation proceeding, he fails to satisfy the *Mendoza-Lopez*

requirements and may not collaterally challenge the 1991 Deportation order." *Id.* at 353.

Thus, the District Court properly concluded that the only issue for it to determine on

remand was whether Charleswell was able to demonstrate prejudice as to the 2001

Reinstatement.[2]

Next, turning to the 2001 Reinstatement, Charleswell argues that he was entitled to

discretionary relief under the predecessor to the Illegal Immigrant Reform and Immigrant

Responsibility Act (IIRIRA) and as a result the new reinstatement provision found in

§ 241(a)(5) of IIRIRA, 8 U.S.C. § 1231(a)(5), was impermissibly retroactive as applied to

him because it denied him access to relief that otherwise would have been available.

Accordingly, Charleswell maintains that the District Court erred by finding that he was

not prejudiced as a result of being deprived of the opportunity to seek judicial review of

the 2001 Reinstatement. In our earlier opinion, we instructed that, on the question of

prejudice, "the District Court will have to determine whether there is a reasonable

probability that Charleswell would have obtained relief had he not been denied the

opportunity for direct judicial review of his reinstatement order." *Charleswell*, 456 F.3d

---

[2]We also reject Charleswell's argument that "[t]he district court's opinion in this matter is based on an incorrect conclusion of law and fact made by the Third Circuit Court of Appeals in its August 2006 memorandum opinion." This contention lacks merit, and furthermore, Charleswell's current appeal of the District Court's January 2008 order is not the proper vehicle by which to challenge this Court's precedential opinion from August 2006. We already decided that Charleswell could not meet the requirements for collaterally attacking the 1991 Deportation, and we will not reevaluate that decision now.

at 362. Because Charleswell's prejudice argument was contingent on his argument that § 241(a)(5) had a retroactive effect, we noted that the Supreme Court's decision in *Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006), significantly restricted the grounds for claiming that § 241(a)(5) is impermissibly retroactive as applied to aliens who reentered the United States prior to IIRIRA's effective date. *Charleswell*, 456 F.3d at 362 n.19 (explaining that "the mere fact that § 241(a)(5) deprives aliens who reentered before IIRIRA's effective date of certain forms of relief to which they were initially eligible is no longer a basis for a finding of impermissible retroactivity").

Following from the Supreme Court's decision in *Fernandez-Vargas*, the District Court noted that there remains open only a narrow avenue for aliens to argue that § 241(a)(5) was impermissibly retroactive as applied to them, which requires demonstrating that they either availed themselves of the relief initially available to them under the previous statute but which is barred by § 241(a)(5) or that they took some action that enhanced the significance of this relief to them prior to IIRIRA's effective date, and therefore base their claims on vested rights. However, the District Court found that Charleswell failed to establish that he availed himself of such relief or took such action to increase the significance of this relief to him, or that he was even eligible for such relief, and therefore § 241(a)(5) did not have an impermissible retroactive effect as applied to him for reasons similar to those stated in *Fernandez-Vargas*. *See* 548 U.S. at 44 n.10. As the District Court reasoned: "Absent evidence that Charleswell made applications for the

7

relief denied to him by § 241(a)(5) prior to its effective date, the court cannot conclude that he falls under the narrow exception carved out in *Fernandez-Vargas*." (App. 32.)

We agree with the District Court that Charleswell failed to demonstrate that he took steps prior to the effective date of IIRIRA to cause his "rights" to relief under the prior reinstatement provision to vest, and therefore he did not establish that the application of § 241(a)(5) to him was impermissibly retroactive. We reiterate the District Court's conclusion: "Having failed to establish impermissible retroactivity, Charleswell cannot show prejudice. There is no reasonable probability that Charleswell would have obtained relief had he been granted an opportunity to argue that the new reinstatement provision, § 241(a)(5), was impermissibly retroactive as applied to him." (App. 35.) Consequently, because Charleswell was unable to demonstrate prejudice, there was no fundamental unfairness to the entry of the 2001 Reinstatement, and Charleswell's attempt to collaterally attack this order was properly rejected. We agree with the District Court's analysis and find no error in its decision.

IV.

For the foregoing reasons, we will affirm the order of the District Court.